IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy David Henderson,<br><br>  Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, et al.<br><br>  Defendants. | No. CV 09-0154-PHX-GMS (LOA)<br><br>**ORDER** |

Plaintiff Jeremy David Henderson filed this civil rights action under 42 U.S.C. § 1983 against City of Mesa Police Officers Frank Hermosillo and John LaFontaine; Joseph Arpaio, Maricopa County Sheriff; and Greg Basye, emergency room employee at Mountain Vista Hospital. (Doc. #12.) Bayse, the only remaining Defendant, moves for summary judgment. (Doc. #38.) Although the Court issued a Notice pursuant to Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*), advising Plaintiff of his obligation to respond, Plaintiff filed no response. (Doc. #40.) The motion is ready for ruling.

The Court will grant Defendant's motion and terminate the case.

**I.  Background**

Plaintiff's claims arise out of his arrest on January 28, 2008, by Hermosillo and LaFontaine. The First Amended Complaint alleged that Hermosillo and LaFontaine used excessive force on Plaintiff during his arrest when they sent a K-9 to attack Plaintiff; that Arpaio was deliberately indifferent regarding alleged abuse by K-9 units; and that Basye was

deliberately indifferent in treating Plaintiff's injuries. (Doc. #12.) The Court ordered all Defendants to answer the First Amended Complaint. (Doc. #11.) The Court subsequently dismissed Arpaio and later dismissed Hermosillo and La Fontaine (Doc. ##27, 43.)

Bayse now moves for summary judgment on the grounds that (1) he is not a state actor and did not act under color of law, so there is no claim against him under 42 U.S.C. § 1983, and (2) he was not deliberately indifferent to Plaintiff's serious medical needs. (Doc. #38.)

## II. Legal Standards

### A. Summary Judgment

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 250; see Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Rule 56(e) compels the non-moving party to "set out specific facts showing a genuine issue for trial" and not to "rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank

of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). However, Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial. Celotex, 477 U.S. at 322-23.

When considering a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. But, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

**B.  Claims Under 42 U.S.C. § 1983**

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).

**C.  Deliberate Indifference to Serious Medical Needs**

A pretrial detainee's claim for unconstitutional treatment arises from the Due Process Clause. Bell v. Wolfish, 441 U.S. 520 (1979). The Due Process Clause requires a governmental authority to provide medical care to a person injured while being apprehended by the police, and police fulfill their constitutional obligation by seeing that an injured person is taken promptly to a hospital. City of Revere v. Mass. General Hosp., 463 U.S. 239, 244-45 (1983). The due process rights of such a person are at least as great as the Eighth Amendment protections afforded to a convicted prisoner, which prohibit deliberate indifference to serious medical needs. Id. at 243-44 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976).

To prevail on a claim under the Eighth Amendment for prison medical care, a prisoner

-3-

must demonstrate "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (citations omitted).

## III. Motion for Summary Judgment

### A. Parties' Contentions

#### 1. Defendant

In support of his motion, Defendant submits his Statement of Facts (Doc. #39, (DSOF)); Incident/Investigation Supplement Reports, dated January 29, 2008 (id., Exs. A-B); Mesa Fire Department EMS Encounter Form (id., Ex. C); Southwest Ambulance Form (id., Ex. D); Plaintiff's Mountain Vista Medical Center Records (id., Ex. E); Mesa Police Department Incident/Investigation Report (id., Ex. F); the Maricopa County Superior Court Sentence of Imprisonment for CR2008-106716 (id., Ex. G); and the affidavit of Stuart Richards (id., Ex. H).

Defendant submits evidence of the events leading up to Plaintiff's arrest on the night of January 29, 2008. Because this evidence is undisputed and because the Court has already granted summary judgment to Officers Hermosillo and LaFontaine, the Court simply notes that it is undisputed that during the arrest, Plaintiff sustained bites from LaFontaine's police dog.

Defendant's evidence shows that once Plaintiff was under arrest, Mesa Fire Department EMS responded to the scene to address the dog bites. (DSOF ¶ 26, Exs. B, C.) The EMS personnel noted that Plaintiff had four puncture wounds to his left forearm consistent with dog bites. (Id. ¶ 27.) The two puncture wounds on Plaintiff's upper anterior forearm had muscle tissue protruding from the wounds, and the two punctures wounds on the posterior side of his arm showed no tissue. (Id. ¶ 28.) Bleeding from all puncture wounds was controlled, and Plaintiff was taken to Mountain Vista Medical Center by Southwest

Ambulance for further care. (Id. ¶ 29.)

Defendant asserts that Plaintiff arrived at the Mountain Vista Medical Center Emergency Department (ED) at approximately 0315 and was seen at approximately 0320 by Defendant. (Id. ¶ 30.) Defendant contends that Plaintiff reported to the triage nurse that his immunizations were current. (Id. ¶¶ 31-34.) ED staff noted that Plaintiff's skin was warm and dry, on admission, his pulse was 101, "100% pulse oximetry," and blood pressure 129/84, and Plaintiff was noted to be oriented x 4. (Id. ¶ 35.) Nursing staff noted "WNL" in the section of the assessment marked "EENT" for eyes, ears, nose and throat. Plaintiff reported a history of substance abuse, and use of tobacco and alcohol. (Id. ¶ 36.) No gastrointestinal or genitourinary complaints were noted. (Id. ¶ 37.) Other than Plaintiff's report of pain in his left arm, no alteration in sensation is recorded in the ED records. (Id. ¶ 38.)

Defendant examined Plaintiff and noted a full range of motion in his left arm and multiple dog bites of varying depths and lengths; the two largest lacerations had muscle tissue sticking out. (Id. ¶¶ 39-40.) Defendant injected local anesthetic and cleaned the wounds with copious quantities of saline and Shur-cleanse and removed small bits of grass. (Id. ¶ 41.) He closed the three largest lacerations loosely with 4-0 prolene sutures and did a sterile cleanse of Plaintiff's entire left arm; a nurse applied bacitracin dressings. (Id. ¶¶ 42-43.) Defendant advised Plaintiff about his injuries and the need to follow up with a doctor the next day. (Id. ¶ 44.) Defendant also prescribed an antibiotic, Augmentin, to prevent infection, and Percocet as needed for pain. (Id. ¶ 45.) Plaintiff was discharged from the ED at approximately 0355. (Id. ¶ 46.)

After his treatment was concluded, Plaintiff was discharged, and officers transported him to the Mesa City Jail where he was booked. (Id. ¶ 47.)

### 2. Plaintiff

As noted, Plaintiff did not respond to the motion. Because a verified complaint may be used as an affidavit opposing summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence, the Court will consider the allegations set

forth in Plaintiff's First Amended Complaint. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995). In his First Amended Complaint, Plaintiff alleged that Defendant looked at Plaintiff's arm and provided inadequate medical care by only stitching the injuries and that Plaintiff was going into shock and should have been admitted for observation and treatment. (Doc. #12 at 4-4A.) He alleged that Defendant placed his life in danger "through circulatory collapse." (Id. at 4-A.) Plaintiff asserted that he was taken back to the jail with no medical treatment or observation and that he was later transported to Maricopa County Medical Center for emergency medical treatment. (Id.) He remained there for four weeks and had two surgeries. (Id. at 4-B.) He claims that he now suffers from atrophy of his arm, nerve and muscle damage, and disfigurement. (Id.)

**C. Analysis**

The Court will grant summary judgment to Defendant. The Court assumes that Plaintiff's bite wounds constituted a serious medical need, but Defendant submits evidence that he did not act with deliberate indifference to Plaintiff's bite wounds. Plaintiff fails to rebut Defendant's evidence and show a material dispute of fact on this issue.

Defendant submits undisputed evidence that he examined Plaintiff, that Plaintiff's vital signs were determined, and that Defendant cleaned and sutured the wounds on Plaintiff's arms. Plaintiff asserts in his First Amended Complaint that Defendant provided "inadequate" medical care; but mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Inadequate treatment due to malpractice or even gross negligence does not constitute an Eighth Amendment violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). And differences in judgment between an inmate and prison medical personnel regarding an appropriate medical diagnosis or treatment are not enough to establish a deliberate-indifference claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Summary judgment is appropriate when a party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he would have the

burden of proof at trial. Celotex Corp., 477 U.S. at 322-23. Plaintiff has the burden of proof on standard of care—he must provide competent evidence that Defendant's treatment fell below the standard of care—and expert medical testimony is generally required to establish standard of care. See Gorney v. Meaney, 150 P.3d 799, 802 (Ariz. App. 2 Div. 2007) (the "factual basis" and "breach of duty" provisions of Ariz. Rev. Stat. § 12-2603 require a plaintiff's expert to state the factual basis of plaintiff's claim and list those acts the expert determined fell below the standard of care). It was incumbent upon Plaintiff to provide an affidavit or deposition of an expert to establish standard of care. See Hutchinson v. United States, 838 F.2d 390, 393 (9th Cir. 1988) (granting summary judgment against a plaintiff who relied only on her own allegations and conclusory statements that defendants had been negligent and who failed to provide affidavits or depositions of experts). This Plaintiff failed to do.

The Court will grant summary judgment as to Bayse. In addition, because no claims or Defendants remain, the Court will terminate the case.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as Defendant Bayse's Motion for Summary Judgment (Doc. #38).

(2) Defendant Bayse's Motion for Summary Judgment (Doc. #38) is **granted**, and the claims against him are **dismissed with prejudice.**

(3) The case is terminated, and the Clerk of Court must enter judgment accordingly.

DATED this 30th day of June, 2010.

_____
G. Murray Snow
United States District Judge